
IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION
_____

| | | |
|---|---|---|
| WILLIE FRANKLIN, PRO SE, § | | |
| TDCJ-CID No. 611832, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:07-CV-0131 | |
| § | | |
| STATE OF TEXAS and § | | |
| MRS. PONDER, § | | |
| Neal Unit Chairman of Classification, § | | |
| § | | |
| Defendants. § | | |

### REPORT AND RECOMMENDATION

Plaintiff WILLIE FRANKLIN, proceeding pro se and while a prisoner confined in the custody of Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted leave to proceed in forma pauperis. Plaintiff claims he is required to use a shower which, in light of his age, heart attacks, strokes, and impaired use of his right side, constitutes an unreasonable risk of serious harm. Plaintiff also referenced the confiscation of his shower pass. In his original complaint, plaintiff requested a unit transfer to a handicap facility but has since amended to request only monetary relief.

### *SPEARS* HEARING

After reading plaintiff's original complaint, the Court conducted a November 13, 2007 evidentiary hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). At the conclusion of the hearing, plaintiff was given fourteen days in which to file an amended complaint, which plaintiff submitted on December 10, 2007.

Upon review of plaintiff's amended complaint, the Court ordered the new claims asserted against new defendants to be severed from the instant cause and retained only plaintiff's claims about the failure to provide a handicapped shower. The Court notes plaintiff failed to utilize a form as instructed by the Court. Plaintiff has amended his relief to omit his earlier request for injunctive relief and to add a request for nominal, compensatory, and punitive damages.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## *SPEARS* HEARING

The facts developed at the *Spears* hearing, and agreed to by plaintiff in open court, revealed plaintiff has never been without the necessary handicapped shower pass[3]. Also, plaintiff was not required to step up two feet off the floor in order to enter a shower without accommodations for handicapped inmates. Instead, at the hearing plaintiff agreed he was provided a shower[4] which requires him to step up over a lip some eleven and a half inches up from the floor and which is three and a half inches wide. The floor of the shower is an inch and a half below the top of the lip. A grab rail is present inside the shower, on the side with the shower head, for an inmate to hold onto while entering and exiting the shower, as well as an L-shaped grab rail on the side wall inside.

Further, plaintiff's HS-18 showing his current medically-determined limitations was reviewed. It showed no medically determined limitation preventing or restricting him from stepping up or down eleven or twelve inches; and plaintiff does not contend there is or was any such restriction elsewhere in his medical records.

## THE LAW AND ANALYSIS

The Eighth Amendment proscribes medical care that is "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). A prisoner's disagreement with prison officials regarding

---

[3] Plaintiff complained and testified that a handicapped shower pass had been confiscated before it had expired; but plaintiff went on to testify that he received another pass. Plaintiff's also testified the shower description on the pass was changed from "handicapped" to "medical;" however, he stated the different terminology had made no difference in his treatment or which shower he used.

[4] Photographs of the shower were admitted at Exhibit 1 during the *Spears* hearing. Plaintiff reviewed the photographs and stated that, aside from the seat in the shower, the photographs were a true and accurate depiction of the shower he uses at the Neal Unit.

medical treatment is insufficient to establish an unconstitutional denial of medical care. *Norton v. Dimanzana*, 122 F.3d 286, 292 (5th Cir. 1997).

The appropriate definition of "deliberate indifference" under the Eighth Amendment is "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994); *Reeves v. Collins*, 27 F.3d. 174 (5th Cir. 1994). In this regard the Supreme Court has cautioned:

> [A] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer v. Brennan*, 511 U.S. at 837-38, 114 S.Ct. at 1979. It is only under exceptional circumstances that a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk.

The facts, as presented at the *Spears* hearing and agreed to by plaintiff in open court, show plaintiff is being provided a shower that fulfills all the medically determined limitations set forth by his physician. Plaintiff's complaint is really that the shower is not designed as well as he feels it should be[5].

Plaintiff has pointed to no medically-determined limitation or restriction which is not accommodated by the shower at the Neal Unit. Defendant PONDER is not plaintiff's physician; she is in classification and is charged with assigning plaintiff to appropriate housing. At best, plaintiff is asserting a right to be appointed to housing which he feels is best for him; however, he has no such right. Plaintiff's claim against defendant PONDER lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

---

[5] Plaintiff also testified, however, that three to six of the showers at the Neal Unit would have to be removed to provide him one shower designed as he feels it should be.

To the extent prison conditions are merely harsh or restrictive, "they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). Plaintiff has utterly failed to allege a single fact showing defendant PONDER's housing assignment violates his medical restrictions in any way and has failed to allege any fact to show deliberate indifference by this defendant to plaintiff's serious medical needs.

As to defendant the STATE OF TEXAS, the Eleventh Amendment has been interpreted by the Supreme Court to bar suits by individuals against non-consenting states. *Bd. of Trs. of the Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001)[6]. Plaintiff's claims against the STATE OF TEXAS must, therefore, be dismissed for want of jurisdiction.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims against defendant PONDER filed pursuant to Title 42, United States Code, section 1983, by plaintiff WILLIE FRANKLIN be DISMISSED WITH PREJUDICE AS FRIVOLOUS, and plaintiff's claims against defendant the STATE OF TEXAS be DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure.

---

[6]"Because [Eleventh Amendment] sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice." *Warnock v. Pecos County, Texas,* 88 F.3d 341, 343 (5th Cir.1996).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>18th</u> day of December 2007.

                                                   CLINTON E. AVERITTE
                                                   UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).